## NEW YORK CITY MAGISTRATES' COURT—FIRST DISTRICT—FIRST DIVISION.

### December 16, 1912.

## IN THE MATTER OF LUTZ v. ALTHOUSE.

EMBEZZLEMENT BY BAILEE—LARCENY.

Where complainant, for the purpose of enabling defendant to obtain access to the list of stockholders of a corporation, and make a copy thereof for complainant, transfers to defendant a certificate of stock in such corporation, and the latter hypothecates the same as collateral security for a loan made to him, without the knowledge or consent of the former, this constitutes larceny, and on a complaint alleging such facts, a warrant should issue.

On a summons.

FRESCHI, C. M.:

The complainant Lutz owned two shares of the common stock of the Bank of New York, a corporation, the par value of which is one hundred dollars each. Being desirous of obtaining a list of the stockholders, he employed the defendant's firm to do that work and agreed to pay for the same at the rate of three cents per word. The complainant thereupon went to the bank and endorsed his certificate of said stock and procured a new one in the name of the defendant, Althouse.

On September 27, 1912, the complainant delivered this certificate to Althouse and caused him to sign the transfer on the back in blank. The transfer and delivery of that stock to the defendant was for the specific purpose of enabling him to examine the stockholder's book and getting therefrom the names of the stockholders for the complainant and thereafter to return to him the said stock.

At the time of such transfer, the market value of the stock

was about $365 per share, and later were quoted at over $400 per share. This was their value on October 24, 1912, when the complainant made final demand upon the defendant to return the stock in question.

It seems that previous to this demand the defendant had hypothecated this stock as collateral security with Harris & Fuller, a stock exchange house, on a loan of $720 made by them to the defendant, without the knowledge or consent of the complainant.

The title of that stock as between the parties was and remained in the complainant. The defendant was a bailee only. Possession and the transfer were given to the defendant for a specific purpose, that is, to procure the list of stockholders' names and then to return said stock to the rightful owner, this complainant. The defendant violated against this special agreement by appropriating the stock to his own use to secure a personal loan to him. The complaint charging embezzlement seems to have been sustained.

The doctrine enunciated by the Court of Appeals in the People v. Miller, 169 N. Y. 339, 16 N. Y. Crim. 281, and People v. Meadows, 199 N. Y. 1, 24 N. Y. Crim. 461, is applicable to the case at bar.

A formal complaint will be taken and a warrant will issue.